[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action in ten counts to recover damages arising from the death of a child allegedly caused by the negligence of defendant hospital.
Counts four and five are brought by the parents based on the emotional damages allegedly sustained by them arising from the loss of their son. Counts six, seven, eight, nine, and ten allege emotional damages sustained by them in the context of the medical judgments made by the hospital leading to the death of their son.
Defendant hospital moves to strike these counts on the basis that Connecticut does not recognize a cause of action for loss of filial consortium or for bystander emotional distress in the context of a medical malpractice action.
 I.
Defendant moves to strike counts four and five of the complaint on the grounds that Connecticut does not recognize a cause of action for loss of filial consortium.
While our Supreme Court has never directly decided the issue of whether a cause of action can he maintained for the los of filial consortium, the court has stated that there can be no cause of action for the loss of parental consortium. Mendillo v. Board of Education, 246 Conn. 456,717 A.2d 1177 (1998). Since this decision was released, the overwhelming majority of Superior Court decisions have found that the reasoning inMendillo mitigates against allowing a cause of action for the loss of filial consortium. To judicially expand the scope of this cause of action would open up a Pandora's box of possible consortium plaintiffs ranging from the natural parents of young children, older parents of adult children, foster parents, stepparents, and other quasi-parental relationships. Consequently, the motion to strike counts four and five of CT Page 15334-hk the complaint is granted.
 II.
Defendant also moves to strike counts six, seven, eight, nine, and ten on the grounds that Connecticut does not recognize a cause of action for bystander emotional distress in the context of a medical malpractice case. Our Supreme Court has held that a bystander to a medical malpractice action cannot recover for emotional distress. Maloney v.Conroy, 208 Conn. 392, 404, 545 A.2d 1059 (1988). Plaintiff relies on a more recent Supreme Court case, which allowed for bystander damages in a tort action; see Clohessy v. Bachelor, 237 Conn. 31, 46, 675 A.2d 852
(1996) However, this case did not involve medical malpractice. The fact that our legislature has required that all tort actions brought under medical malpractice include a "good faith certificate" indicates that our legislature has distinguished this type of action from ordinary tort actions. While Clohessy may have clarified the law with respect to ordinary tort actions, it does not appear to be applicable to the unique area of medical malpractice and, does not modify the court's holding inMaloney. While it is true that this court has allowed emotional distress damages to a mother giving birth, this was done under the theory that she was a participant and not a bystander. See, e.g., Melhado v. SaintFrancis Hospital and Medical Center, Superior Court, judicial district of Hartford, Docket No. CV 99-0591284, (July 7, 2000, Wagner, J.) (27 Conn.L.Rptr. 492, 492-93). If this court were to expand the law to create a bystander cause of action for medical malpractice, the result would be a chilling effect on the public's access to health care as providers would have an incentive to refuse treatment to those patients whom they believed had highly volatile family members.
Motion to strike counts six, seven, eight, nine, and ten of the complaint is granted.
 ___________________ Wagner, J. Judge Trial Referee
CT Page 15334-hl